**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2179-17T2

TARSIS MATOS,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

Submitted January 29, 2019 – Decided February 13, 2019

Before Judges Suter and Geiger.

On appeal from the New Jersey State Parole Board.

Tarsis Matos, appellant, pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Tarsis Matos appeals from a November 22, 2017 final agency decision of the New Jersey State Parole Board (Board) denying him parole and establishing a 120-month future eligibility term (FET). We affirm.

Matos is incarcerated at South Woods State Prison, serving a life sentence subject to a thirty-year period of parole ineligibility for murder, kidnapping, and multiple counts of aggravated assault and possession of a weapon for an unlawful purpose. On March 7, 1987, Matos shot and killed an acquaintance in an apartment in Newark. He then pointed a gun at another occupant and forced him to leave the apartment. Matos held the second victim at gunpoint for two hours before releasing him in a different section of Newark. Matos fled to Florida and was arrested on May 26, 1987. Matos was charged, indicted, and convicted by a jury of all counts.

These were not Matos's first offenses. In March 1983, Matos was sentenced in New York to an indeterminate term of one to three years for criminal possession of a weapon. He was paroled in May 1984 and absconded. On July 28, 1985, Matos shot and killed a person at a dance club in New York City while a fugitive. Matos was convicted of murder and weapons offenses and sentenced on those offenses to a term of twenty-five years to life, subject to a twenty-five-year minimum, to run consecutively to his New Jersey sentence.

A-2179-17T2

Matos has committed six institutional infractions while serving his prison term in New Jersey, including four infractions for indecent exposure (prohibited act .053, N.J.A.C. 10A:4-4.1(a)(3)(v)). His most recent infraction for indecent exposure was committed in 2016.

Matos first became eligible for parole on May 24, 2017. A parole hearing officer referred the case to a Board panel for a hearing. The two-member Board panel denied parole on April 7, 2017, determining there was a substantial likelihood Matos would commit a new crime if released on parole at this time. The Board panel expressed the following reasons for denying parole: nature and circumstances of the offenses (murder, kidnapping, possession of a weapon, aggravated assault); prior offense record is extensive; offense record is repetitive; nature of criminal record increasingly more serious; committed to incarceration for multiple offenses; prior opportunities on parole revoked due to commission of new offenses; prior opportunity on parole and prior incarceration failed to deter criminal behavior; numerous, persistent institutional infractions resulting in loss of commutation time and confinement in detention and administrative segregation, with last infraction on January 16, 2017; insufficient problem resolution due to lack of insight into criminal behavior and substance abuse problem not having been sufficiently addressed (alcohol); inmate has not

3

significantly addressed his decision-making skills; inmate's aggressive and at times violent behavior along with handgun possession; inmate continues to violate institutional rules and regulations; inmate has little to no remorse for the victims; this is inmate's second murder in two years; and inmate has four weapons convictions and was on parole in New York at the time of the instant offenses.

The Board panel found the following mitigating factors: participation in programs specific to behavior; participation in institutional programs; institutional reports reflect favorable institutional adjustment; attempt made to enroll in programs but was not admitted due to wait list; and risk assessment evaluation.

The two-member Board panel referred the case to a three-member panel for establishment of a FET that may be in excess of the Board's presumptive schedule. On June 7, 2017, a three-member Board panel established a 120-month FET based on the same reasons expressed by the two-member panel in denying parole.[1] The three-member Board panel also considered the same

[1] According to respondent, Matos's projected parole eligibility date is in June 2023, based on the application of commutation, work, and minimum custody credits pursuant to N.J.S.A. 30:4-123.53(a).

A-2179-17T2

mitigating factors as the two-member Board panel, and a letter of mitigation submitted by Matos.[2] The three-member Board panel determined "that the factors supporting the denial of parole, collectively, are of such a serious nature as to warrant the setting of a [FET] which differs from the presumptive term of [twenty-seven] months (+/- [nine] months)." Based on its "comprehensive review of the entire record," the three-member Board panel found it "clear" that Matos "remain[s] a substantial threat to public safety." The panel also found that after thirty years of incarceration, Matos:

> Present[s] as not having conducted a true introspection into [his] past violent behavior, nor [does he] acknowledge the severity of [his] actions. [Matos's] negative personality traits have affected [his] behavioral choices and impelled [him] to behave in an anti-social manner in the future; and
>
> [Does] not recognize stressors and cues that have negatively impacted [his] decision making, leading to a life marked with repeated contact with the criminal justice system. [Matos] offered to the Board panel that [he] committed the present offenses because [he] needed money, but offered nothing as to why [he] chose violent acts as a resolution to meet those needs. Concerns remain that [Matos] will not be able to appropriately process negative and/or stressful situations in the future; and

---

[2] The three-member panel's narrative decision also mistakenly included a discussion of another inmate's case, which has no relevance to this matter. The Board moved to remand the appeal to allow the three-member panel to amend its narrative decision. We denied the motion.

Present[s] as an individual who requires additional programming/counseling to address the issues detailed within this Notice.

The three-member Board panel also found establishing an FET less than 120 months "would be wholly inconsistent with the conclusion that [Matos has] not shown the requisite amount of rehabilitative progress in reducing the likelihood of future criminal activity."

Matos appealed the panels' decisions to the full Board, arguing: (1) the Board panel failed to consider material facts; (2) the Board panel failed to document that a preponderance of the evidence indicates a substantial likelihood that the inmate will commit a crime if released on parole; (3) Matos should have been provided an interpreter in accordance with N.J.A.C. 10A:71-3.13(f); (4) the Board panel established an FET prior to a notice of decision being issued on the administrative appeal; (5) the denial of parole was contrary to the evidence in the record and an abuse of discretion; and (6) the 120-month FET is excessive and unjustly punitive.

The full Board affirmed, finding no merit in Matos's challenges to the denial of parole and the length of the FET. The Board found the Board panel "considered the aggregate of information pursuant to N.J.A.C. 10A:71-3.11 and fully documented its decision pursuant to N.J.A.C. 10A:71-3.18(f)." The Board

6

concurred with the findings reached by the two-member and three-member Board panels, rejecting his claim "the Board panel demonstrated personal interest, prejudice or bias." This appeal followed.

Matos raises the following arguments on appeal: (1) the Board panel denied appellant's right to procedural due process by violating written Board policy; (2) the denial of parole was arbitrary and capricious because the reasons stated for the denial were inadequate and the denial was not supported by credible evidence in the record; (3) the Board panel utilized erroneous material facts to deny parole; (4) the three-member Board Panel failed to consider appellant's participation in rehabilitation; (5) the usage of psychological concepts such as lack of insight, remorse, and empathy as a substantial basis for denying parole was an abuse of discretion due to the vagueness of these undefined concepts and their highly subjective nature; and (6) the 120-month FET is excessive and unreasonable.

Our review of the Board's decision is deferential. J.I. v. N.J. State Parole Bd., 228 N.J. 204, 230 (2017). That is so because "Parole Board decisions are highly 'individualized discretionary appraisals,'" Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)), and are presumed valid, McGowan v. N.J. State Parole

Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). We will not disturb the Board's determination "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." J.B. v. N.J. State Parole Bd., 229 N.J. 21, 43 (2017) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). The burden is on the inmate to demonstrate the Board's actions were unreasonable. McGowan, 347 N.J. Super. at 563.

Defendant is serving a sentence for an offense committed before August 18, 1997. Therefore, "the issue before us is governed by the standard in N.J.S.A. 30:4-123.53(a) and 30:4-123.53(c) prior to the amendment of those statutes on that date." Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000) (citing N.J.A.C. 10A:71-3.10). For offenses committed before August 18, 1997, "the Parole Board may deny parole release if it appears from a preponderance of the evidence that 'there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time.'" Ibid. (quoting L. 1979, c. 441, § 9).

Having reviewed the record in light of these well-settled standards, including the psychological evaluation and other materials in the confidential appendix, we conclude Matos's arguments are without merit. We discern no basis for disturbing the Board's decision to deny parole and impose the FET,

which is amply supported by the record, and affirm substantially for the reasons expressed by the Board in its written decision. We add the following comments.

We find no basis to conclude the Board's decision was arbitrary, capricious, or unreasonable, that it lacked fair support in the record, or that it violated Matos's constitutional rights or any regulations or written Board policies. The record demonstrates that the Board considered "the aggregate of all of the factors which may have any pertinence," Beckworth, 62 N.J. at 360, and "focus[ed] its attention squarely on the likelihood of recidivism," McGowan, 347 N.J. Super. at 565. The Board acted well within its bounds in finding by a preponderance of the evidence that Matos would likely commit a new crime if released on parole at this time.

Concerning the FET, an inmate serving a minimum term greater than fourteen years is ordinarily assigned a twenty-seven-month FET after a denial of parole. N.J.A.C. 10A:71-3.21(a)(1). A three-member panel may impose a FET in excess of administrative guidelines in cases where an ordinary FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d). The Board considered the mitigating and aggravating factors, and acted well within its authority in increasing defendant's FET.

Matos's remaining arguments are without sufficient merit to warrant extended discussion in a written opinion beyond the following brief comments. R. 2:11-3(e)(1)(E).

Matos claims he was denied due process because he was not provided an interpreter at his Board panel hearing. We disagree. The Board reviewed the electronic recording of the Board panel hearing and found Matos

> understood the Board panel's questions as [his] answers were appropriately responsive, and [Matos], in turn, asked questions of the Board panel which were answered. At no time did [Matos] request the services of an interpreter or express [an] inability to understand the hearing process or questions posed by the Board panel.

In addition, the psychological evaluation report dated November 16, 2016, states Matos "was given the option of utilizing a Spanish language interpreter and he clearly declined the need for such. His level of comprehension and communication did appear sufficient for evaluation purposes."

Matos also complains he was denied due process because the Board did not provide a Board representative to assist him during the Board panel hearing. An inmate is entitled to the assistance of a Board representative in his preparation for appearances before the hearing officer and Board panel. N.J.A.C. 10A:71-2.11, -3.13(g). However, neither the regulations nor the

10

Federal or State Constitutions require the Board to provide a representative to appear on the inmate's behalf at an initial parole eligibility hearing. See Gerardo v. N.J. State Parole Bd., 221 N.J. Super. 442, 448-49 (App. Div. 1987) (setting forth the minimal due process rights applicable to a hearing to grant or deny parole). This is so because a parole "rescission determination concerns liberty interests that are greater than those involved in an initial eligibility determination." Id. at 449.

Matos argues that insufficient problem resolution and lack of insight are not factors the Board may consider when deciding whether to grant or deny parole. We are unpersuaded by this argument. Insufficient problem resolution and lack of insight are relevant to the underlying causes for an inmate's criminality and likelihood of reoffending. See e.g., McGowan, 347 N.J. Super. at 558 (discussing the Board's findings regarding the inmate's lack of insight into what caused him to commit his offenses).

Lastly, Matos complains the three-member Board panel based its decision on incorrect facts. We disagree. The narrative decision contains three paragraphs discussing the facts in a different case. We consider the erroneous inclusion of those paragraphs to be a mere scrivener's error that escaped

detection. Neither the Board panel nor the Board based their decisions on those extraneous facts.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION